**UNITED STATES of America, Plaintiff,**

**v.**

**Charles Edward SCARBERRY, Defendant.**

**No. CR2–98–00008.**

United States District Court, S.D. Ohio, Eastern Division.

March 19, 1998.

Michael John Burns, U.S. Attorney's Office, Columbus, OH, for U.S.

Ric Daniell, Voltolini & Voltolini, Columbus, OH, Steven Alan Mathless, Columbus, OH, for Defendant.

## OPINION AND ORDER

MARBLEY, District Judge.

### INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss (doc. 12). Defendant is charged with possession of firearms in violation of 18 U.S.C. § 922(g)(1). For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED.**

### FACTUAL BACKGROUND

Defendant Charles Scarberry was arrested in January, 1973, for Armed Robbery. Defendant agreed to plead to the lesser offense of Robbery, which carried a penalty of 1–25 years under Ohio law. Defendant was sentenced to five (5) years probation, which he completed without incident in 1978. Upon the completion of his probation, Defendant received a certificate from the State of Ohio ("Restoration Certificate") restoring some of his civil rights, such as the rights to vote, serve as a juror and hold public office. The Restoration Certificate did not contain any language regarding Defendant's firearm privileges.

In May, 1996, agents from the Ohio Department of Public Safety—Liquor Enforcement Division, the Columbus Police Department, and the Bureau of Alcohol, Tobacco and Firearms ("BATF"), executed a search warrant at the clubhouse of the Road Saints Motorcycle Club, of which Defendant was the president. Defendant, who was present during the search, informed the agents that he had three firearms in his room at the clubhouse. These firearms were confiscated by the agents along with other items during the search.

In February, 1997, Defendant contacted the BATF to request the return of his firearms. A search of his criminal history revealed Defendant's prior conviction for Robbery and his sentence. Upon request, Defendant visited the Columbus BATF office and signed an affidavit identifying and claiming ownership of the firearms. Defendant was subsequently arrested for possession of firearms in violation of § 922(g)(1).

### LEGAL ANALYSIS

18 U.S.C. § 922 provides in relevant part:

It shall be unlawful for any person—

> (1) who has been convicted in any court of, [sic] a crime punishable by imprisonment for a term exceeding one year;

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). The term "convicted ... of a crime punishable by imprisonment for a term exceeding one year" does not include those instances where a person has had his/her civil rights restored unless that restoration expressly prohibits the person from firearm privileges. 18 U.S.C. § 921(a)(20).

The Sixth Circuit addressed the issue of whether the absence of an express limitation upon firearm privileges in a document, such as a Restoration Certificate, qualified a person for the exception set forth in § 921(a)(20). In *United States v. Cassidy*, 899 F.2d 543 (6th Cir.1990), the Sixth Circuit held that Congress intended for courts to review the whole of state law in determining the existence of a restriction on firearm privileges within the meaning of § 921(a)(20). The defendant in *Cassidy* received a Restoration Certificate from the State of Ohio which contained no language regarding firearm privileges. *Id.* at 544–45. Despite the absence of such language, the court found that the defendant's firearm privileges had been expressly restricted by Ohio statutory law. *Id.* at 549–50. The court found that the defendant therefore met the definition of "convicted" as set forth in § 922(g)(1). *Id.*

 Defendant in the present matter argues that dismissal is appropriate on the following two grounds. First, Defendant argues that he was never actually sentenced to any period of incarceration following his 1973 conviction. Second, Defendant argues that the Restoration Certificate did not expressly prohibit possession of firearms.

The Court finds Defendant's arguments insufficient as a matter of law to warrant dismissal of this action. First, Defendant misinterprets the language of § 922(g)(1). The statute prohibits possession of a firearm by one who has been convicted of a crime *punishable* by imprisonment for a term exceeding one year. Thus, to fall within the scope of § 922(g)(1), the conviction need only make the person *eligible* for incarceration in excess of one year. There is no requirement in the statute, either express or implied, that the person actually serve a term in excess of one year.

In the present case, Defendant's conviction for Robbery in 1973 clearly falls within the scope of § 922(g)(1). In his Plea Waiver, signed March 15, 1973, and attached as an exhibit to his Motion, Defendant acknowl-

edged that "Robbery as provided in R.C. 2901.12 [carries] a penalty of 1–25 years in a penal institution of the State of Ohio." Indeed, Defendant admits in his Motion that "the Court could have sentenced the Defendant to a period of incarceration exceeding one year." Defendant's actual time of incarceration is irrelevant to the issue of whether his crime was punishable by term of incarceration greater than one year.

With respect to Defendant's second ground for dismissal, the Court finds that the Restoration Certificate did not relieve Defendant's firearm disability under state law. Guided by the holding in *Cassidy*, this Court is obligated to look to the whole of state law in determining whether Defendant was relieved of his firearm disabilities. Like the defendant in *Cassidy*, Defendant's firearm privileges were expressly restricted by Ohio statutory law which was in operation at the time of his conviction. O.R.C. 2923.56, which was subsequently repealed after his conviction,[1] prohibited Defendant from purchasing or possessing a firearm due to his felony conviction. Defendant has never petitioned the state court for relief from his firearm disabilities as provided in O.R.C. 2923.56(c),[2] nor did the state court reinstate Defendant's firearm privileges in the Restoration Certificate. Thus, here, as in *Cassidy*, Defendant is expressly restricted from possessing a firearm and is liable for prosecution therefor. *Cassidy*, 899 F.2d at 550.

For the foregoing reasons, Defendant's Motion to Dismiss is hereby DENIED.

**IT IS SO ORDERED.**

---

1. When the Ohio legislature recodified the criminal code in 1974, O.R.C. 2923.56 became O.R.C. 2923.13 and 2923.14, with the same prohibition for possession of firearms by felons.

2. O.R.C. 2923.56(c) became O.R.C. 2923.14, and contains the same procedure for petitioning the state court to reinstate firearm privileges.